## Second Class School District Officers

BARCO, Deputy Attorney General, June 7, 1940.—You request us to advise you whether or not a secretary of a school board in a township of a third class school district, where the secretary is also a member or director of the school board, is entitled to remain as secretary to the board if, after the 1940 census, the recorded increase in population will result in the school district being classified as a second class district.

The pertinent sections of the School Code of May 18, 1911, P. L. 309, governing your problem are sections 107 and 303. Section 107 of the School Code, supra, as amended by section 2 of the Act of July 17, 1917, P. L. 1023, and section 1 of the Act of May 16, 1921, P. L. 555, provides that after the taking of each United States census the Superintendent of Public Instruction shall reclassify the several school districts of the Commonwealth with relation to the population. The reclassification shall take effect with the beginning of the next school year after the Superintendent of Public Instruction issues the certificate to that effect.

Section 303 of the School Code, as amended by section 1 of the Act of April 7, 1927, P. L. 170, and section 6 of the

Act of May 29, 1931, P. L. 243, 24 PS §214, provides, inter alia, that:

*"In school districts of the second class, the secretary and treasurer shall not be members of the board."* (Italics supplied.)

It is clear, therefore, that because of the specific provisions of section 303 of the School Code a member of the board of directors of a second class school district cannot act as a secretary of that board, although the member may serve as secretary if the school district is of the third or fourth class.

The provisions of section 107 of the School Code, relating to the reclassification of a school district, in effect constitute a reorganization of that school district. It is evident, therefore, that the tenure of a member of a school board of a third class school district who is also secretary of the board is subject to the provisions of the laws which provide for reclassification to a second class school district in case of an increase of population, and the consequential prohibition of a school director in a second class school district being a secretary to the school board because of the statutory inhibition. The school director may continue at his option to serve either as a director of the school district or as secretary of the board. He must elect in what capacity he will serve as he cannot serve in both capacities. The election must be made before the beginning of the school year following the formal reclassification.

It is our opinion, and you are therefore advised, that, in view of the provisions of section 303 of the School Code, a member or a director of the school board of a third class school district, who is also secretary of that school board, must elect in what capacity he will serve, as he cannot serve in both capacities, upon the school district being reclassified as one of a second class school district. Of course, the reclassification takes effect with the beginning of the next school year after the Superintend-

ent of Public Instruction has issued the certificate to that effect; and the election by the director must be exercised before the beginning of the next school year.